UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DEXTER DEANGELO HOLDER** <br> **D.O.C. # 452102** | **DOCKET NO. 6:23-cv-00513** <br> **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **KEITH COOLEY** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pro se petitioner Dexter Deangelo Holder ("Holder"), an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on April 17, 2023. Rec. Doc. 1. Petitioner attacks his 2009 conviction and subsequent sentence imposed thereon by the 16th Judicial District Court, Iberia Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

Petitioner Dexter Holder was charged on June 5, 2007, with armed robbery, a violation of La.R.S. 14:64; attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1; and two counts of second degree kidnapping, a violation of La.R.S. 14:44.1. *See State v. Holder*, 12-258 (La. App. 3 Cir 11/07/12), 101 So. 3d 1059. The State elected not to prosecute the armed robbery charge. A jury found Defendant guilty of all three remaining charges on October 14, 2009.

Holder was sentenced on March 30, 2010, to twenty-five years at hard labor for attempted second degree murder and ten years at hard labor on each count of second degree kidnapping. The

kidnapping sentences were to run concurrently with each other but consecutively to the attempted second-degree murder sentence. The State filed its original multiple bill of information on October 16, 2009, but withdrew it at the sentencing hearing on March 30, 2010. The State filed a new multiple bill at the sentencing hearing, and Defendant pled not guilty.

At the multiple offender hearing on March 18, 2011, the trial court accepted evidence of Holder's criminal history and took the matter of his adjudication under advisement. On July 7, 2011, trial court found Holder to be a fourth or subsequent felony offender and vacated the earlier sentence for attempted second degree murder. The trial judge sentenced him "as a fifth felony offender for attempted second degree murder to the mandatory minimum of 50 years with the Department of Corrections at hard labor." She kept intact the two ten-year sentences for second degree kidnapping. The two ten-year sentences, already adjudicated to run concurrently with each other, are to run concurrently with the fifty-year sentence.

Petitioner filed a timely appeal in the Louisiana Third Circuit Court of Appeal, which affirmed the trial court's ruling on November 7, 2012. *State v. Holder*, 12-258 (La. App. 3 Cir 11/07/12), 101 So. 3d 1059. The Louisiana Supreme Court denied his request for review on October 25, 2013. *State v. Holder*, 2013-0659 (La. 10/25/13), 124 So. 3d 1091.

Holder asserts that he sought post-conviction relief in the 16th Judicial District Court in 2019, but the "property has been discarded." Rec. Doc. 1, p. 14, ¶ 16(g). However, he does not allege that he raised his conviction claims to the highest court of the state.

The instant petition for habeas relief was filed on April 17, 2023. Petitioner makes the following claims for relief: (1) illegal sentence; (2) defective indictment; (3) miscarriage of justice; and (4) double jeopardy. Rec. Doc. 1.

2

*Law and Analysis*

*1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

3

(5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

On October 25, 2013, the Louisiana Supreme Court denied petitioner's writ application on direct appeal. Accordingly, the petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or on January 23, 2014, when the time limits for seeking further direct review by filing a petition for certiorari in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari.") Thus, petitioner had one year, or until January 23, 2015, to file his habeas corpus petition.

Petitioner filed his federal habeas petition on April 17, 2023. Petitioner alleges, but provides no proof, that he sought post-conviction review on some or all claims. However, even assuming he did seek post-conviction review on at least one of his claims in 2019, he was still unable to toll the AEDPA's limitations period because by 2019, the limitations period had already expired and could not thereafter be revived. *See Villegas,* 184 F.3d 467. Thus, none of petitioner's post-conviction pleadings could serve to toll the running of the limitations period. This petition is clearly time-barred by the provisions of the AEDPA.

*2. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts

must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999). Here, petitioner has neither pled, nor alleged any circumstances to qualify for, equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled," nor do they suggest that he was prevented in any way from asserting his rights.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 28th day of May, 2023.

**Carol B. Whitehurst
United States Magistrate Judge**